PER CURIAM.
The 1987 Legislature enacted Chapter 87-173, Laws of Florida, to be codified at sections 44.301-.306, Florida Statutes (1987), dealing with arbitration and mediation, effective January 1, 1988. Under section 44.306, this Court is charged with the responsibility of promulgating rules of procedure and practice and establishing minimum standards for qualifications, rules of professional conduct, and training standards for mediators and arbitrators who are appointed pursuant to the act. This Court, by administrative order issued July 24, 1987, appointed a Mediation and Arbitration Committee to make recommendations to the Court on appropriate rules to adopt.
The committee submitted its proposed rules on October 19. Interested parties were asked to submit comments and suggestions after publication of the proposed rules. Oral argument was held on December 3, 1987, at which time the committee was asked to reconsider its proposal in light of the objections and comments received. A modified proposal was submitted December 23, 1987.
As an interim measure, in light of the January 1, 1988 effective date of the act, we adopt the proposed rules as modified by the committee. The attached rules shall become effective 12:01 A.M., January 1, 1988 and shall be subject to amendment after further consideration by the Court. Interested parties are invited to submit comments and suggestions regarding the modified rules as adopted on or before March 1, 1988.
It is so ordered.
McDonald, C.J„ and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
1.700 Rules Common to Mediation or Arbitration.
(a) Referral by presiding judge. Except as hereinafter provided, the presiding judge may refer any contested civil matter or selected issues for assignment to mediation or arbitration.
(1) Hearing date. The first mediation conference or arbitration hearing shall be held within 60 days of referral, unless sooner ordered by the court.
(2) Notice. Within 10 days after the case has been referred for either mediation or arbitration, the court or its desig-nee shall notify the parties and either the *910 mediator or arbitrator in writing of the date, time and place of the conference.
(b) A party may move, within 15 days after the order of referral, to dispense with mediation and with arbitration, respectively, if the issue to be considered has been previously mediated or arbitrated between the same parties pursuant to Florida law.
(c) Waiver or deferral of mediation or arbitration. Within 15 days of the court order assigning the case to mediation or arbitration, any party may file a motion with the court to defer or forego the process. Such motion shall set forth, in detail, the facts and circumstances supporting the motion. Mediation or arbitration shall be tolled until disposition of the motion.
(d) Calculation of times. All times hereunder shall be calculated in accordance with Rule 1.090(a) Fla.R.Civ.P.
(e) Disqualification of a mediator or arbitrator. Any party may move the court to disqualify a mediator or an arbitrator using the procedures of Fla.R.Civ.P. 1.432. Mediators and arbitrators have a duty to disclose any fact bearing on their qualifications, including any fact which would be ground for disqualification of a judge. If the court rules that a mediator or arbitrator is disqualified from hearing a case, an order shall be entered setting forth the name of a qualified replacement. Nothing in this provision shall limit the discretion of a mediator or arbitrator to refuse any assignment. A mediator or arbitrator may elect voluntary disqualification, which is final upon service upon the parties and the court. The time for mediation or arbitration shall be tolled during any periods in which mediation or arbitration is deferred pending determination of a disqualification motion.
1.710 Mediation Rules.
(a)Completion of mediation. Mediation shall be completed within 30 days of the first mediation conference unless extended by order of the court on motion of the mediator or of a party. No extension of time shall be for a period exceeding 60 days from the first mediation conference. The mediator’s report shall be filed immediately with the court upon its becoming binding on the parties pursuant to Rule 1.730(b).
(b) Exclusions from mediation. The following categories of claims shall not be referred to mediation except upon petition of all parties.
(1) Appeals from rulings of administrative agencies
(2) Bond estreatures
(3) Forfeitures of seized property
(4) Habeas corpus and extraordinary writs
(5) Bond validations
(6) Declaratory relief
(7) Any litigation expedited by statute or rule, except issues of parental responsibility
(8) Such other matters as may be specified by order of the Chief Judge in the Circuit
(c) Discovery. Discovery pursuant to Rule 1.280 Fla.R.Civ.P. may continue throughout mediation. Such discovery may be delayed or deferred upon agreement of the parties. All discovery shall be held in abeyance, and the times tolled, upon submission of a written settlement agreement to the court.
1.720 Mediation Procedures.
(a) Interim or emergency relief. Either party may apply to the court for interim or emergency relief at any time. Mediation shall continue while such motion is pending absent a contrary order of the court, or a decision of the mediator to adjourn pending disposition of the motion. Time for completing mediation shall be tolled during any periods where mediation is interrupted pending resolution of such motions.
(b) The court, upon written notice from the mediator that any party has failed to appear after receiving written notice and without good cause, may apply appropriate sanctions as provided by the Florida Rules of Civil Procedure, including taxing of the fees and costs of the mediator.
(c) Adjournments. The mediator may adjourn the mediation conference at any time and may set times for reconvening the adjourned conference. No further notification is required for parties present at the *911 adjourned conference. The mediator may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.
(d) Counsel. The mediator shall at all times be in control of the mediation and the procedures to be followed in the mediation. Counsel for each party may attend the mediation conference and shall at all times be permitted to privately communicate with their clients. Presence of counsel is not required and in the discretion of the mediator, mediation may proceed in the absence of counsel.
(e) Communication with parties. The mediator may meet and consult privately with any party or parties or their counsel. With consent of the parties, the mediator may speak with designated third parties about substantive issues involved in the mediation. Mediators are not restricted in their communication with third parties concerning procedural or administrative matters.
(f) Appointment and compensation of mediator. The presiding judge may appoint any person as a mediator who meets the qualifications set forth in these rules. The presiding judge may also, in appropriate cases, appoint specialists or experts who are not court-appointed mediators to assist court-appointed mediators. The mediator may be an uncompensated volunteer, a government employee or may be compensated according to the written agreement of the parties. In the absence of such written agreements or of any objections served on the mediator and other parties by any party within 15 days of the order referring the matter to mediation, the mediator shall be compensated at the hourly rate set by the presiding judge in the referral order. Where appropriate, each party shall pay a proportionate share of the total charges of the mediator.
1.730 Completion of Mediation.
(a)Report of no agreement. In cases where the parties do not reach any agreement as to any matter as a result of mediation, the mediator shall immediately report such to the court without any comment or recommendation.
(b) Report on agreement. In cases where agreement or partial agreement is reached as to any matter or issue, including legal or factual issues to be determined by the court, such agreement shall be reduced to writing, signed by the parties and their counsel, if any, and be immediately thereafter submitted to the court. If counsel neither signs nor objects, in writing, to the agreement within 10 days of service on counsel, then the agreement is conclusively presumed to be approved by counsel and shall then be immediately submitted to the court. Once the agreement becomes binding upon the parties by their execution and that of their counsel, it may only be set aside by the court pursuant to these rules. The agreement shall set forth all relevant statements of fact and statements of future courses of conduct as agreed upon by the parties.
(c) Court’s action. Within 10 days after receiving the agreement, the court shall determine whether the terms are lawful, within the jurisdiction of the court, and, where court approval is required by law, in the best interests of all parties concerned, including minor children where appropriate. If the court has not filed a written objection within 10 days after receiving the report, the agreement shall become binding on the parties. If the judge rejects or fails to adopt any part of the agreement, either party may, within 10 days of receipt of the order, give notice to all parties declaring the agreement void.
Committee Note
After making the determination called for in this rule, the court may consider it appropriate to take any of the following courses of action: approving or rejecting the agreement in whole or in part; holding an evidentiary hearing to determine the appropriate course of action; requiring the parties to return to mediation to settle any unresolved issues; modifying either the sanctions or remedies contained in the agreement; requiring the parties to submit any unresolved issues to arbitration under Rule 1.800; or setting the case for trial.
*912 (d) Imposition of sanctions. In the event of any breach or failure to perform under the stipulated agreement, as approved by the judge pursuant to subdivision (c) of this rule, the sanctions agreed upon or such other remedy as the court may deem appropriate, shall be imposed by order of the court.
1.740 Family Law Mediation. Every effort should be made to expedite mediation of parental responsibility issues. In cases in which there are complex or substantial tax, financial or property issues, the court shall refer such issues to a lawyer or Certified Public Accountant mediator. The court may refer parental responsibility issues to a non-lawyer mediator in such cases.
1.750 Small Claims Matters.
(a) Scheduling. The mediator shall be appointed and the mediation conference held during or immediately after the pretrial conference unless otherwise ordered by the court. In no event shall the mediation conference be held more than 14 days after the pretrial conference.
(b) Settlement authority. If a party gives counsel or another representative authority to settle the matter, the party need not appear in person. Counsel or the other representative may speak for the party in the mediation conference notwithstanding the limitations on counsel’s participation contained in Rule 1.720(d).
(c) Agreement. Any agreements reached as a result of Small Claims Mediation shall be written in the form of a stipulation. After court review pursuant to Rule 1.730(c), the stipulation shall be entered as an order of the court.
1.760 Mediator Qualifications.
(a)County court mediators. For certification by the Supreme Court, a mediator of county court matters must:
(1) have completed a minimum of a 20 hour training program certified by the Supreme Court; and
(2) have observed a minimum of four mediation conferences conducted by a court certified mediator; and
(3) have co-mediated a minimum of three mediation conferences with a court certified mediator; and
(4) have conducted a mediation conference under observation of a court certified mediator; and
(5) have been certified by the Chief Judge of the Circuit pursuant to Section 44.302(3), Florida Statutes (1987)
(6) or, be certified as a circuit court mediator.
(b) Family mediators. For certification by the Supreme Court, a mediator of family and dissolution of marriage issues must
(1) have a Masters Degree in social work, mental health, behavioral or social sciences; or be a physician certified to practice adult or child psychiatry; or be an attorney or a Certified Public Accountant licensed to practice in any United States jurisdiction; and
(2) have at least four years practical experience in one of the above mentioned fields; and
(3) have completed a minimum of 40 hours in a mediation training course certified by the Supreme Court; or have received a Masters Degree in family mediation from an accredited college or university; and
(4) have been certified by the Chief Judge of the Circuit pursuant to Section 44.302(3).
(c) Circuit court mediators. For certification by the Supreme Court, the mediator of Circuit Court matters, other than family matters, must
(1) be a former judge of a trial court who was a member of the bar in the state in which the judge presided; or be a member in good standing of the Florida Bar with at least five years Florida practice; and
(2) complete a minimum of a 40 hour mediation training program certified by the Supreme Court.
(d) Special conditions. Prior to January 1, 1989, the Chief Judge of each Circuit may certify any mediator who is currently mediating in an established mediation program and who
*913 (1) has been actively engaged in the practice of mediation for the preceding year; and
(2) completes the minimum training specified in these rules for the particular type of mediation. Mediators presently practicing pursuant to section (1) of this subsection may continue to do so for no more than 6 months past the date upon which the Supreme Court certifies a training program appropriate to their needs. Such mediators may continue to practice mediation after such period if they satisfactorily complete requirements of such training programs, including successful completion of a form of examination approved by the Supreme Court of Florida. Such mediators may continue to practice mediation in the field of prior practice.
1.770 Standards for Mediation Training Programs.
(a) Circuit court mediators. Mediation training for mediators of circuit court matters, other than family matters, should consist of a minimum of 40 hours training in a program approved by the Supreme Court. That training should address the following:
(1) mediation theory
(2) mediation process and techniques
(3) standards of conduct for mediators
(4) conflict management and intervention skills
(5) community resources and referral processes
(6) successful completion of an examination at such time as a form of examination shall have been approved by the Supreme Court of Florida.
(b) Family mediators. Mediation training for mediators of family matters should consist of a minimum of 40 hours of training in a program approved by the Supreme Court. That training should address those areas required in subsection (c) of this rule and in addition the following:
(1) psychological issues in separation, divorce and family dynamics
(2) issues concerning the needs of children in the context of divorce
(3) family law, including issues of custody, child support, and asset evaluation and distribution as it relates to divorce
(4) family economics
(5) successful completion of an examination at such time as a form of examination shall have been approved by the Supreme Court of Florida.
(c) County court mediators. Mediation training for county court mediators should consist of a minimum of 20 hours training in a program approved by the Supreme Court. That training should address the following:
(1) written and oral communication
(2) mediation theory
(3) the mediation process and techniques
(4) standards of conduct for mediators
(5) conflict management and intervention skills
(6) the court process
(7) community resources and referral processes
(8) successful completion of an examination at such time as a form of examination shall have been approved by the Supreme Court of Florida.
(d) The requirement of successful completion of an examination is suspended until a form of examination has been approved by the Supreme Court of Florida. Upon approval of a form of examination, practicing mediators, who have previously completed a course of training later approved by the Supreme Court of Florida, will not be required to retake such a course if they successfully complete the approved form of examination.
1.780 Duties of the Mediator.
(a) The mediator has a duty to define and describe the process of mediation and its cost during an orientation session with the parties before the mediation conference begins. The orientation should include the following:
(1) the differences between mediation and other forms of conflict resolution, including therapy and counseling;
(2) the circumstances under which the mediator may meet alone with either of the parties or with any other person;
*914 (3) the confidentiality provision as provided by Florida law;
(4) the duties and responsibilities of the mediator and of the parties;
(5) the fact that any agreement reached will be reached by mutual consent of the parties;
(6) the information necessary for defining the disputed issues.
(b)The mediator has a duty to be impartial, and to advise all parties of any circumstances bearing on possible bias, prejudice or impartiality.
1.800 Case Eligibility for Court-ordered Non-binding Arbitration.
(a) Exclusions from arbitration. The following categories of claims shall not be referred to non-binding arbitration except upon petition of all parties:
(1) Appeals from rulings of administrative agencies
(2) Bond estreatures
(3) Forfeitures of seized properties
(4) Habeas corpus or other extraordinary writs
(5) Bond validations
(6) Declaratory relief
(7) Collection matters supported by duly executed promissory obligations
(8) Mortgage foreclosures
(9) Condemnation actions
(10) Proceedings under Chapters 61, 63, 88 and 742
(11) Name changes
(12) Any litigation expedited by statute or rule
(13) Cases in which there has been previous statutorily mandated arbitration
(14) Civil or criminal contempt
(15) Such other matters as may be specified by order of the Chief Judge in the Circuit
(16) Cases referred to mediation pursuant to Rule 1.700(a) of these rules.
1.810 Selection, Qualification, Training and Compensation of Arbitrators.
(a) Selection. The Chief Judge of the Circuit or his designee shall maintain a list of qualified persons who have agreed to serve as arbitrators. Cases assigned to arbitration shall be assigned to an arbitrator or to a panel of three arbitrators. The court shall determine the number of arbitrators and designate them within 15 days after service of the order of referral in the absence of an agreement by the parties. In the case of a panel, one of the arbitrators shall be appointed as the chief arbitrator.
(b) Qualification. Arbitrators shall be members of the Florida Bar, except where otherwise agreed by the parties. The chief arbitrator shall have been a member of the Florida Bar for at least five years. Individuals who are not members of the Florida Bar may serve as arbitrators upon the agreement of all 'parties.
(c) Training. All arbitrators shall attend 4 hours of training in a program approved by the Supreme Court of Florida.
(d) Compensation. The Chief Judge of each Judicial Circuit shall establish the compensation of arbitrators subject to the limitations in section 44.303(2), Florida Statutes (1987).
1.820 Hearing Procedures for Non-binding Arbitration.
(a) Authority of the chief arbitrator. The chief arbitrator shall have authority to commence and adjourn the arbitration hearing and carry out other such duties as are prescribed by section 44.303, Florida Statutes. The chief arbitrator shall not have authority to hold any person in contempt or to in any way impose sanctions against any person.
(b) Conduct of the arbitration hearing.
(1) The Chief Judge of each Judicial Circuit shall set procedures for determining the time and place of the arbitration hearing and may establish other procedures for the expeditious and orderly operation of the arbitration hearing to the extent such procedures are not in conflict with any Rules of Court.
(2) Hearing procedures established by the court should be disseminated to the local bar and shall be included in the notice of arbitration hearing sent to the parties and arbitration panel.
(3) Individual parties or authorized representatives of corporate parties shall at *915 tend the arbitration hearing unless excused in advance by the chief arbitrator for good cause shown.
(c) Rules of evidence. The hearing shall be conducted informally. Presentation of testimony shall be kept to a minimum, and matters shall be presented to the arbitrators) primarily through the statements and arguments of counsel.
(d) Orders. The chief arbitrator may issue instructions as are necessary for the expeditious and orderly conduct of the hearing. The chief arbitrator’s instructions are not appealable. Upon notice to all parties the chief arbitrator may apply to the presiding judge for orders directing compliance with such instructions. Instructions enforced by a court order are appealable as are other orders of the court.
(e) Default of a party. Where a party fails to appear at a hearing, the chief arbitrator may proceed with the hearing and the arbitration panel shall render a decision based upon the facts and circumstances as presented by the parties present.
(f) Record and transcript. Any party may have a record and transcript made of the arbitration hearing at the party’s expense.
(g) Completion of the arbitration process.
(1) Arbitration shall be completed within 30 days of the first arbitration hearing unless extended by order of the court on motion of the chief arbitrator or of a party. No extension of time shall be for a period exceeding 60 days from the date of the first arbitration hearing.
(2) Upon the completion of the arbitration process, the arbitrator(s) shall render a decision. In the case of a panel, a decision shall be final upon a majority vote of the panel.
(3) Within ten days of the final adjournment of the arbitration hearing, the arbitrators) shall, in writing, notify the parties of their decision on a form approved by the Supreme Court. The arbitration decision may set forth the issues in controversy and the arbitrator(s)’s conclusions and findings of fact and law. The arbitrator(s)’s decision and the originals of any transcripts shall be sealed and
filed with the clerk at the time the parties are notified of the decision.
(h)Time for filing motion for trial de novo. Any party may file a motion for a trial de novo. If a motion for a trial de novo is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.303(4), Florida Statutes (1987).
Committee Note
Arbitration proceedings should be informal and expeditious. The court should take into account the nature of the proceedings when determining whether to award costs and attorneys fees after a trial de novo. Counsel are free to file exceptions to an arbitration decision or award at the time it is to be considered by the court. The court should consider such exceptions when determining whether to award costs and attorneys fees. The court should consider Rule 1.442, Fla.R.Civ.P. concerning offers of judgment and section 45.061, Florida Statutes (1985) concerning offers of settlement, as statements of public policy in deciding whether fees should be awarded.
1.830 Voluntary Binding Arbitration.
(a) Absence of party agreement.
(1) Compensation. In the absence of an agreement by the parties as to compensation of the arbitrator(s), the court shall determine the amount of compensation subject to the provisions of section 44.-304(3), Florida Statutes (1987).
(2) Hearing procedures. Subject to these rules and section 44.304, Florida Statutes, the parties may, by written agreement before the hearing, establish the hearing procedures for voluntary binding arbitration. In the absence of such agreement, the court shall establish the hearing procedures.
(b) Record and transcript. A record and transcript may be made of the arbitration hearing if requested by any party or at the direction of the chief arbitrator. The *916 record and transcript may be used in subsequent legal proceedings subject to the Florida Rules of Evidence.
(c) Arbitration decision and appeal.
(1) The arbitrator(s) shall serve the parties with notice of the decision and file the decision with the court within 10 days of the final adjournment of the arbitration hearing.
(2) A voluntary binding arbitration decision may be appealed within 30 days after service of the decision on the parties. Appeal is limited to the grounds specified in section 44.304(10), Florida Statutes (1987).
(3) If no appeal is filed within the time period set out in subsection (2) of this rule, the decision shall be referred to the presiding judge who shall enter such orders and judgments as required to carry out the terms of the decision as provided under section 44.304(11), Florida Statutes (1987).